UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YOK

| | |
|---|---|
| United Methodist Insurance Company, Inc.<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Suracy Insurance Agency, Inc.,<br><br>　　　　　　　　Defendant. | Docket No. 22-civ-6668 |

## COMPLAINT

Plaintiff United Methodist Insurance Company, Inc. ("UMIC"), as and for its complaint against Suracy Insurance Agency, Inc. ("Suracy") states as follows:

## NATURE OF THE CASE

1.　　This civil action involves UMIC's claim that Defendant Suracy breached a certain Master Services Agreement originally entered into between UMIC and AmVenture Insurance Agency, Inc., effective June 12, 2018 ("Agreement"). AmVenture Insurance Agency, Inc. is now known as Suracy. This action further involves Suracy's wrongful withholding of and use of data and the renewal rights to property and casualty policies belonging to UMIC.

## PARTIES

2.　　UMIC is a licensed captive insurance corporation domiciled in Vermont with its registered office at 30 Main Street, Suite 500, Burlington, Vermont. UMIC provides various resources to its members, including access to various types of property and casualty insurance.

3.　　Suracy is a Delaware corporation with its principal place of business at 6001 Cochran Road, Suite 402, Cleveland, Ohio. Suracy is an insurance producer licensed as a broker/agent in all fifty States, including New York.

## JURISDICTION/VENUE

4. Jurisdiction is based on diversity of the parties under 28 U.S.C. § 1332(a). The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Further, pursuant to §9.6 of the Agreement, the parties "consent to the jurisdiction of any federal or state court sitting in New York, New York with respect to any action relating to this Agreement."

6. Venue is based on consent of the parties.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

The Agreement

7. Under the terms of the Agreement, Suracy was to market and provide access to insurance products and services for UMIC's members and pay UMIC a fee based on premiums placed as set forth in Statements of Work entered into under the Agreement.

8. Under the First Amendment to the Agreement, the parties acknowledged AmVenture's name change to Suracy.

9. Additionally, the parties agreed that the initial term of Agreement extended to December 31, 2022.

10. Under Statement of Work No. 01 ("SOW 01"), Suracy was required to "[s]eek to secure new and renewal quotes . . . for UMIC and its Members . . . ."

11. Further, Suracy was to provide "all sales, marketing, underwriting, claims administration, loss control, policyholder services" and other services for each policy, handle premiums, provide monthly reports, provide a portal for accessing insurance information, and market the insurance program to UMIC's members.

12. Under SOW 01, Suracy was required to pay UMIC a specified royalty based on a percentage of net written premium for each policy written under the program.

13. Under the Agreement, Suracy services approximately 1660 Methodist churches under UMIC's insurance program as of June 2022, representing a 55% decrease from the 3,695 churches as of the Agreement's January 1, 2019 initial effective date.

Suracy's Failure to Perform

14. Suracy failed to adequately market the insurance program, offer competitive pricing, and attract new business pursuant to SOW 01.

15. Due to Suracy's failures, more than half of the churches that were a part of UMIC in 2018 are no longer with UMIC.

16. Accordingly, the number of members participating in the program has substantially declined and goals set for attracting new participants have not been met.

17. Additionally, the program has lost the participation of certain lucrative conferences.

18. Suracy's repeated failures to promote the program and service UMIC's members leading to a significant decline in utilization and payment of royalties to UMIC has placed the entire program in jeopardy. For example:

    a. Due to Suracy's poor service and lack of responsiveness, at least one consulting agent representing individual churches moved its book of business out of the UMIC program;

    b. The program was losing on average $100,000 in premiums per month;

    c. Suracy ignored repeated recommendations and new initiatives suggested by UMIC;

    d. Suracy employed a failed marketing strategy based primarily on passive correspondence failing to appreciate how decisions were made by the member Methodist churches, often by committee or at a conference level;

    e. Suracy's outreach was insufficient and it failed to connect and develop long-term relationships with the customer base.

    f. Suracy failed to offer sufficient renewal options to churches facing increases and instead relied on churches requesting alternative quotes rather than providing them in advance.

19. Overall, Suracy demonstrated a remarkable lack of effort, business acumen and disregard for how its actions and inactions were causing a steady decline in participation in UMIC's insurance program.

<u>Failure to Turn Over Data</u>

20. On December 10, 2021, UMIC informed Suracy of its intent not to renew the Agreement. That call was memorialized by letter dated December 21, 2021. Although UMIC did not intend to renew the Agreement, Suracy was encouraged to bid in the subsequent RFP process.

21. Although Suracy submitted a bid, by email dated April 4, 2022, Suracy withdrew from the request for proposal process.

22. On April 7, 2022, counsel for UMIC, by letter, requested assurances from Suracy that, notwithstanding the non-renewal of the Agreement or Suracy's decision not to participate in the RFP process, Suracy would comply with the terms of the Agreement for the duration of its term.

23. On April 11, 2022, UMIC requested by letter that Suracy return UMIC's data including, among other things, UMIC's confidential information, as that term is described pursuant to the Agreement, ¶ 5.

24. Pursuant to the Agreement ¶ 3.4.2, Suracy is obligated to promptly return UMIC's data.

25. Pursuant to ¶ 4.3 of the Agreement, policy expirations, which include renewal rights, and records developed in connection with services provided under the Agreement, are the sole property of UMIC and Suracy shall have no rights or interests therein.

26. Suracy is prohibited from using UMIC's data as defined in the Agreement unrelated to its duties under the Agreement and following the expiration thereof.

27. By email dated April 19, 2022, Suracy responded that UMIC's data request was under legal review. UMIC responded that it expected a response to UMIC's data request by no later than April 29, 2022. On April 27, 2022, Suracy informed UMIC that it would have a response the following week. The same day, UMIC informed Suracy that it was expecting the transfer of data to begin May 6, 2022.

28. On May 9, 2022, three days after the deadline set by UMIC to begin the data transfer, Suracy claimed that UMIC's data request was "extremely vague" and indicated some concerns regarding confidentiality.

29. The same day, UMIC responded and further clarified UMIC's data request, and requested from Suracy a list of data it believed to be confidential. Furthermore, UMIC stated that it expected the data transfer to be completed by no later than June 15, 2022.

30. Suracy has not provided the requested data or responded to UMIC's request to define which data Suracy considers to be confidential.

31. In fact, Suracy continues to use UMIC's data to interfere with UMIC's insurance program and its relationship with its members.

32. Suracy's continued possession and use of UMIC's data for its own commercial purposes is unlawful and in direct contravention of the Agreement and has caused confusion among UMIC's customers.

33. Suracy's continued non-responsiveness, failure to return UMIC's data, or to meaningfully engage with UMIC in discussions on returning UMIC's data are all in breach of the Agreement and constitute cause for termination of the Agreement.

Termination of the Agreement

34. Due to Suracy's withdrawal from the RFP, in addition to poor service and failure to abide by the terms of the contract, UMIC replaced Suracy with a different broker, Sovereign Insurance Group, to provide services to UMIC's members through the United Methodist Insurance Program.

35. Sovereign was selected as a result of the RFP process and was expected to commence work upon expiration of the Agreement.

36. On June 17, 2022, counsel for Suracy issued a notice of termination of the Agreement for cause and stated that Suracy will no longer perform any obligations under the Agreement.

37. Upon Suracy's termination of the Agreement, the agreement with Sovereign was amended to include a start date of June 21, 2022.

38. Suracy states that it will continue its relationship with UMIC's members without paying UMIC any compensation under the Agreement.

39. Suracy also states that it is entitled to communicate directly with UMIC's members without restriction.

40. Suracy has misappropriated UMIC's data to interfere with UMIC's relationship with its members.

41. Suracy has steered UMIC's members out of its insurance program to claim that business for itself without compensating UMIC.

42. Suracy is using UMIC's data for its own commercial purposes.

43. Suracy has failed to pay royalties under the terms of the Agreement.

44. Suracy has asserted ownership rights to the policy expirations that are the property of UMIC.

## COUNT I
## DECLARATORY RELIEF

45. Plaintiff realleges and incorporates by reference each of the prior paragraphs as if fully set forth herein.

46. The Court should find that the Agreement is terminated for cause.

47. An actual, present and justiciable controversy has arisen concerning the rights to the data that must be returned to UMIC by Suracy pursuant to ¶¶ 3.4.2 and 4.3 of the Agreement requiring all data developed during Agreement to be UMIC's property.

48. Under the terms of the Agreement, the Court should declare all policy information, including policy expirations, including the renewal rights, and the data used to support the underwriting of each individual policy to be the sole property of UMIC requiring the return of such data to UMIC forthwith.

49. The Court should further find that Suracy is prohibited from using such data.

## COUNT II
## BREACH OF CONTRACT

50. Plaintiff realleges and incorporates by reference each of the prior paragraphs as if fully set forth herein.

51. Under the terms of the Agreement, Suracy was to market and provide access to insurance products and services for UMIC's members and pay UMIC a fee based on premiums placed as set forth in Statements of Work entered into under the Agreement.

52. The Agreement is binding and enforceable.

53. Suracy breached its obligations under the Agreement by, among other things, failing to adequately market the insurance program, service members, offer competitive pricing, retain business, and attract new business.

54. Further, Suracy has failed to deliver UMIC's data including policy and underwriting information, policy expirations, and other records developed in connection with services provided under the Agreement.

55. Suracy has also failed to pay royalties due under the Agreement.

56. Suracy's breach of the Agreement proximately and directly harmed and continues to harm UMIC resulting in damages in an amount to be proven at trial.

## COUNT III
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

57. Plaintiff realleges and incorporates by reference each of the prior paragraphs as if fully set forth herein.

58. The Agreement contains an implied covenant of good faith and fair dealing.

5449040.1

59. By its wrongful conduct as described above, Suracy breached the covenant of good faith and fair dealing, evaded the spirit of the bargain and acted in a manner contrary to and violated the common purpose of the Agreement.

60. Suracy's actions were self-serving, unconscionable and designed to promote its own financial gain at UMIC's expense with no regard whatsoever to the impact of its wrongful conduct on UMIC.

61. As a consequence of Suracy's bad faith conduct, UMIC suffered and continues to suffer damages in an amount to be proven at trial.

## COUNT IV
## UNJUST ENRICHMENT

62. Plaintiff realleges and incorporates by reference each of the prior paragraphs as if fully set forth herein.

63. Defendant has improperly enriched and continues to improperly enrich itself from the misappropriation and misuse of UMIC's data, including policy and underwriting information and policy expirations.

64. Defendant has improperly enriched and continues to improperly enrich itself from its withholding of premium payments.

65. It would be unjust for Defendant to retain such data and the improperly gained commercial benefits and advantages therefrom.

66. Defendant's unjust enrichment, in an amount to be proven at trial, should be disgorged and awarded to Plaintiff.

## COUNT V
## INJUNCTION RELIEF

67. Plaintiff realleges and incorporates by reference each of the prior paragraphs as if fully set forth herein.

68. This action is, in part, for injunctive relief based on Defendant's wrongful conduct described herein including Defendant's misappropriation and withholding of UMIC's data.

69. UMIC will suffer imminent and irreparable harm in the absence of an injunction.

70. UMIC has no adequate remedy at law that could remedy Defendant's wrongful withholding and misappropriation of UMIC's data.

### Claims for Relief

WHEREFORE, UMIC requests judgment against Suracy as follows:

A. Declaring that the Agreement be deemed terminated;

B. Declaring that Suracy has no rights to UMIC's data including policy information, underwriting data and policy expirations;

C. Injunctive relief requiring Suracy to transfer all data including policy information, underwriting data and policy expirations to UMIC;

D. Injunctive relief enjoining Suracy from using any of UMIC's data including policy information, underwriting data and policy expirations;

E. Damages in an amount to be proven at trial;

F. Punitive damages;

G. Prejudgment and post-judgment interest;

H. Reasonable attorney's fees and costs; and

I. Such other and further relief as deemed fair and just.

*5449040.1*

Dated at Burlington, Vermont this 5th day of August, 2022.

                PRIMMER PIPER EGGLESTON & CRAMER PC

By:   /s/ *Gary L. Franklin*
       Gary L. Franklin, Esq.
       gfranklin@primmer.com
       30 Main Street, Suite 500
       P.O. Box 1489
       Burlington, VT 05402-1489
       (802) 864-0880

*Attorneys for United Methodist Insurance Company, Inc.*