UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/30/2023
```

UNITED METHODIST INSURANCE
COMPANY, INC.,

                           Plaintiff,

-against-

SURACY INSURANCE AGENCY, INC.,

                           Defendant.

22-CV-6668 (ALC) (BCM)

**AMENDED STIPULATED
<u>PROTECTIVE ORDER</u>**

**BARBARA MOSES, United States Magistrate Judge.**

      The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order – including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

           **I.    Discovery Materials May Be Designated as Confidential**

    1.    Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

    2.    The person producing Discovery Material may designate as "Confidential" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or

would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

3. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential," the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

**II. Who May Receive Confidential Materials**

1. No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

    (a) the parties to this action;

    (b) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

    (c) as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

    (d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

    (e) any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

    (f) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

    (g) independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

    (h) the Court and its staff;

    (i)    third-party service providers engaged for purposes of discovery and document management ;

    (j)    an insurance company and its employees which, with respect to any of the claims or counterclaims asserted in this litigation, is providing a party with defense and/or indemnification (even if subject to a reservation of rights); and

    (k)    any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

2.    Prior to the disclosure of any Confidential Discovery Material to any person referred to in Section III, subparagraphs 1(d) or 1(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

### III. Discovery Materials May Be Designated as Confidential – Attorneys' Eyes Only

1.    Any party may designate material as "Confidential – Attorneys Eyes Only." The parties and their counsel will attempt in good faith to limit use of this designation, and will apply the designation only to extremely sensitive confidential information, including, but not limited to: (a) confidential research and development, present and future marketing plans, non-public financial data (including without limitation

product or service pricing or profit data), contracts, business projections, and other information the disclosure of which the producing party reasonably believes is likely to cause economic harm or competitive disadvantage to the producing party, (b) sensitive private information of an individual or personal information protected by foreign or domestic privacy laws, or (c) is subject to an express obligation of confidentiality owed by the producing party to a third party.  Such designation shall not be used if substantial risk of serious harm can be avoided by less restrictive means.

2. In the event material is designated as "Confidential – Attorneys Eyes Only," such information shall only be disclosed to the individuals identified in Section II, Paragraph (5) below.  Except as provided for in this Section II, the provisions of this agreement applicable to Discovery Material designated as "Confidential" shall be applicable to material designated as "Confidential – Attorneys Eyes Only."

3. If such information is provided in an answer to a discovery response, the attorney may separately append the information to the main body of the discovery responses, mark such appendices "Confidential – Attorneys Eyes Only" and incorporate by reference the appended material into the responses.

4. At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as "Confidential – Attorneys Eyes Only" specific portions of the transcript which contain confidential matters under the standard set forth in paragraph (1) above. This designation shall be in writing and served upon all counsel. Transcripts will be treated as "Confidential-Attorneys Eyes Only" for this 10-day period.  During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this

Protective Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed "Confidential" or "Confidential – Attorneys' Eyes Only." Any portions of a transcript or video-recording of a deposition designated confidential shall thereafter be treated as confidential in accordance with this order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Attorneys Eyes Only Information" by the reporter. Unless so designated, any confidentiality is waived after the expiration of the ten (10) day period unless otherwise stipulated or ordered. If a dispute arises within the ten (10) day period but remains unresolved, the "Confidential - Attorneys Eyes Only" designation shall remain in force and effect pending resolution of the dispute. The parties may modify the confidentiality procedures for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court.

5. With respect to any testimony elicited during any deposition, whenever counsel for any party deems that any question or line of questioning calls for or has resulted in disclosure of information that should be treated as "Confidential" or "Confidential – Attorneys' Eyes Only," and any person is in attendance at the deposition who is not a person to whom disclosure of such information is permitted pursuant to this Order, and is not the witness being examined, such person shall be excluded from those portions of the proceeding during disclosure of the information so designated.

6. Documents designated "Confidential – Attorneys Eyes Only" shall only be disclosed to:

    (a) the Court and those employed by the Court;

(b) outside litigation counsel for a party (including the paralegal(s), clerical and secretarial staff employed by such counsel);

(c) any person who (i) appears on the face of the designated material as an author, addressee, or recipient of the document or information prior to its production in this lawsuit by the producing party;

(d) a witness during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes that the designated material was authored or received by the witness;

(e) experts including one or more third parties who are retained or employed as a bona fide consultant for purposes of this litigation, whether full or part time, by or at the direction of outside counsel of record for a party in this litigation, and who is required in good faith to provide assistance in the conduct of this litigation and shall not include any party to this litigation, provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing a Non-Disclosure Agreement in the form annexed hereto;

(f) an insurance company and its employees which, with respect to any of the claims or counterclaims asserted in this litigation, is providing a party with defense and/or indemnification (even if subject to a reservation of rights);

(g) third-party service providers engaged by a party's counsel for purposes of discovery and document management; and

(h) the court reporter(s) and videographer(s) employed in this action and any other person as to whom the parties agree in writing, or as to whom the parties agree on the record at deposition or at a hearing.

### IV. Filing Confidential Materials in this Action

1. Any person who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only," reserved for extraordinary circumstances), may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

2. Notwithstanding the designation of material as "Confidential" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal. The parties shall follow the individual practices of the Magistrate or District Judge to whom they direct pretrial requests for filing under seal.

3. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously designated as Confidential or sealed during pretrial proceedings.

4. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

### V. Inadvertent Disclosure of Privileged Materials

1. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall

        not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

2. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

3. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

4. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera review* of the Inadvertently Disclosed Information.

## VI. Termination of the Litigation

1. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

2. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations

arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED.**

| | |
|---|---|
| **PRIMMER PIPER EGGLESTON & CRAMER PC**<br>*Attorney for Plaintiff*<br><br>By: */s/ Gary Franklin*<br>    Gary L. Franklin, Esq.<br>    Ryan M. Long, Esq.<br>    gfranklin@primmer.com<br>    rlong@primmer.com | **RUSKIN MOSCOU FALTISCHEK P.C.**<br>*Attorney for Defendant*<br><br>By: */s/ Michael S. Amato*<br>    Michael D. Brown<br>    Michael S. Amato<br>    Brian Passarelle<br>    mbrown@rmfpc.com<br>    mamato@rmfpc.com<br>    bpassarelle@rmfpc.com |
| **BARTON GILMAN LLP**<br>*Attorney for Plaintiff on Count 2*<br>*of Defendant's Counterclaims*<br><br>By: */s/ Steven Gerber*<br>    Steven Gerber, Esq.<br>    Gabriela A. Tremont, Esq.<br>    sgerber@bglaw.com<br>    gtemont@bglaw.com | |

**SO ORDERED**.

Dated:  August 30 , 2023

 _____
**BARBARA MOSES**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED METHODIST INSURANCE COMPANY, INC., <br><br> Plaintiff, <br><br> -against- <br><br> SURACY INSURANCE AGENCY, INC., <br><br> Defendants. | CV-6668 (ALC) (BCM) <br><br> **NON-DISCLOSURE AGREEMENT** |

I, _____ [print name], acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____        _____
                                                        [Signature]